1  ROBERT H. ROTSTEIN (SBN 72452)
   rxr@msk.com
2  EMILY F. EVITT (SBN 261491)
   efe@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  *Attorneys for Defendants Adam McKay,*
   *Netflix, Inc., David Sirota, and Hyperobject*
7  *Productions*

8

9

10                    UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12  WILLIAM COLLIER, an Individual,      | CASE NO. 2:23-cv-10227-SPG-DFM

13           Plaintiff,                  | Hon. Sherilyn Peace Garnett

14       v.                              | **DEFENDANTS' NOTICE OF**
                                         | **MOTION AND MOTION FOR**
15  ADAM MCKAY, an Individual;           | **ATTORNEY'S FEES PURSUANT**
    NETFLIX, a Delaware corporation,     | **TO 17 U.S.C. § 505**
16  DAVID SIROTA, an Individual;
    HYPEROBJECT PRODUCTIONS, a           | *[Declaration of Emily F. Evitt and*
17  Delaware limited liability company; and | *[Proposed] Order Filed Concurrently*
    DOES 1-50, inclusive,                | *Herewith]*
18
             Defendants.                 | Date:        March 12, 2025
19                                       | Time:        1:30 p.m.
                                         | Location:    Courtroom 5C
20
                                         | Filing Date: December 6, 2023
21

22

23

24

25

26

27

Mitchell
Silberberg &    28
Knupp LLP

─────────────────────────────────────────────
**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 12, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Sherilyn Peace Garnett in Courtroom 5C at the First Street Courthouse, 350 West 1st Street, Los Angeles, CA 90012, Defendants Netflix, Inc., Adam McKay, David Sirota, and Hyperobject Productions (collectively, "Defendants") will and hereby do move the Court for an Order, pursuant to 17 U.S.C. § 505, awarding attorney's fees against Plaintiff William Collier ("Plaintiff") in the amount of $99,483.50.

This Motion is made on the grounds that Defendants are the prevailing parties in this action by virtue of this Court's November 14, 2024 Order granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 39) and December 13, 2024 Order dismissing the action with prejudice (Dkt. 41). These Orders thereby rendered Defendants the prevailing parties in this lawsuit pursuant to 17 U.S.C. § 505.

Additionally, (1) Defendants achieved complete success; (2) Plaintiff's claims in this action were objectively unreasonable and frivolous; (3) Plaintiff was motivated by an improper purpose in bringing and pursuing claims in this action; and (4) an attorney's fees award would advance considerations of compensation and deterrence and further the interests of the Copyright Act. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202, 207-09 (2016); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Defendants submit that the fees sought in this Motion are reasonable and were necessary to defend this action.

Pursuant to C.D. Cal. Local Rule 7-3, this Motion is made following the conference between Defendants' counsel and Plaintiff's counsel, which took place on January 14, 2025, wherein counsel thoroughly discussed the substance and potential resolution of the Motion by videoconference.

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

1        This Motion is based on this Notice, the accompanying Memorandum of

2    Points and Authorities, the Declaration of Emily F. Evitt filed concurrently

3    herewith, any reply to be filed by Defendants, all of the pleadings, papers, and

4    evidence on file or lodged with the Court herein, and any argument presented at the

5    hearing on this Motion.

6    DATED: January 22, 2025        ROBERT H. ROTSTEIN

7                          EMILY F. EVITT
                           MITCHELL SILBERBERG & KNUPP LLP

8

9                          By:      /s/Emily F. Evitt

10                         Emily F. Evitt
                           *Attorneys for Defendants Adam McKay,*

11                         *Netflix, Inc., David Sirota, and*
                           *Hyperobject Productions*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................9

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ...........................10

III.    ARGUMENT ....................................................................................12

    A.    Defendants Are Entitled to an Award of Fees Under Section 505
       for Successfully Defending Against Plaintiff's Copyright Claim. ......12

        1.    Defendants Obtained Complete Success. .................................14

        2.    Plaintiff's Claims Were Objectively Unreasonable and
           Frivolous. ..............................................................................14

        3.    Plaintiff's Motivation in Pursuing This Action Was
           Improper................................................................................16

        4.    An Award of Fees Will Advance Considerations of
           Compensation and Deterrence and Further the Purposes of
           the Copyright Act. .................................................................17

    B.    Defendants' Requested Fees Are Reasonable. ...................................19

        1.    Defendants' Counsel Hourly Rates Are Reasonable...............20

        2.    The Number of Hours Expended Is Reasonable. ....................21

IV.     CONCLUSION ...............................................................................23

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Actuate Corp. v. Aon Corp.*,
   2012 WL 3627595 (N.D. Cal. Aug. 21, 2012) ...................................................16

*AF Holdings LLC v. Navasca*,
   2013 WL 3815677 (N.D. Cal. July 22, 2013) ...................................................18

*Amadasun v. Dreamworks, LLC*,
   359 F. Supp. 2d 1367 (N.D. Ga. 2005) ............................................................19

*Armstrong v. David*,
   318 F.3d 965 (9th Cir. 2003) ...........................................................................21

*Baker v. Urban Outfitters, Inc.*,
   431 F. Supp. 2d 351 (S.D.N.Y. 2006) ..............................................................18

*Bernal v. Paradigm Talent & Literary Agency*,
   2010 WL 6397561 (C.D. Cal. June 1, 2010).........................................16, 17, 20

*Blum v. Stenson*,
   465 U.S. 886 (1984) .........................................................................................20

*Chivalry Film Prods. v. NBC Universal, Inc.*,
   2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) ..................................................18

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*,
   246 F.3d 142 (2d Cir. 2001) .............................................................................23

*Diamond Star Bldg. Corp. v. Freed*,
   30 F.3d 503 (4th Cir. 1994) ..............................................................................15

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings LLC*,
   2019 WL 450882 (D. Ariz. Feb. 5, 2019) .........................................................17

*Duckhole Inc. v. NBCUniversal Media LLC*,
   2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ...................................................17

*Earth Flag Ltd. v. Alamo Flag Co.*,
   154 F. Supp. 2d 663 (S.D.N.Y. 2001) ..............................................................19

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

Mitchell
Silberberg &
Knupp LLP

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Erickson Prods. Inc. v. Kast,*
  2016 WL 3951659 (N.D. Cal. July 22, 2016) ....................................................14

*Fogerty v. Fantasy, Inc.,*
  510 U.S. 517 (1994) ...............................................................13, 14, 15, 19

*Gable v. Nat'l Broad. Co.,*
  2010 WL 11506430 (C.D. Cal. Aug. 6, 2010) ...................................................22

*Gable v. Nat'l Broad. Co., Inc.,*
  438 F. App'x. 587 (9th Cir. 2011) ..............................................................15

*Gallagher v. Lions Gate Entm't Inc.,*
  2015 WL 6478210 (C.D. Cal. Oct. 27, 2015) ...................................................18

*Garcia-Goyco v. Law Envtl. Consultants, Inc.,*
  428 F.3d 14 (1st Cir. 2005) .....................................................................15

*Glacier Films (USA), Inc. v. Turchin,*
  896 F.3d 1033 (9th Cir. 2018) ..................................................................13

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) .............................................................................19

*Historical Research v. Cabral,*
  80 F.3d 377 (9th Cir. 1996) ....................................................................13

*Inhale, Inc. v. Starbuzz Tobacco, Inc.,*
  755 F.3d 1038 (9th Cir. 2014) ..................................................................14

*Kerr v. Screen Extras Guild, Inc.,*
  526 F.2d 67 (9th Cir. 1975) ....................................................................20

*Kirtsaeng v. John Wiley & Sons, Inc.,*
  579 U.S. 197 (2016) .........................................................................13, 14

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.,*
  81 F.3d 881 (9th Cir. 1996) ....................................................................14

*Marcus v. ABC Signature Studios, Inc.,*
  2017 WL 5592470 (C.D. Cal. Nov. 20, 2017) .............................................16, 18

Mitchell
Silberberg &
Knupp LLP

6

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Mattel, Inc. v. MGA Entm't, Inc.*,
   705 F.3d 1108 (9th Cir. 2013) ................................................................. 16

*MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*,
   198 F.3d 840 (11th Cir. 1999) ............................................................... 16

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996) ................................................................... 20

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ............................................................................... 14

*Perfect 10, Inc. v. Giganews, Inc.*,
   2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ...................................... 21

*Polsby v. St. Martin's Press, Inc.*,
   2000 WL 98057 (S.D.N.Y. Jan. 18, 2000) ........................................... 16

*Positive Black Talk Inc. v. Cash Money Records, Inc.*,
   394 F.3d 357 (5th Cir. 2004) ................................................................. 13

*Scott v. Meyer*,
   2010 WL 2569286 (C.D. Cal. June 21, 2010) .......................... 17, 18, 19

*Shame on You Prods., Inc. v. Banks*,
   893 F.3d 661 (9th Cir. 2018) ................................................................. 15

*Shame on You Prods. v. Banks*,
   2016 WL 5929245 (C.D. Cal. Aug. 15, 2016) ...................................... 14

*Spear Mktg., Inc. v. Bancorpsouth Bank*,
   2016 WL 193586 (N.D. Tex. Jan. 14, 2016) ......................................... 15

*Thoroughbred Software Int'l, Inc. v. Dice Corp.*,
   488 F.3d 352 (6th Cir. 2007) ................................................................. 13

*Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*,
   460 F.3d 1253 (9th Cir. 2006) ............................................................... 23

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*,
   429 F.3d 869 (9th Cir. 2005) ................................................................. 13

Mitchell Silberberg & Knupp LLP

7

1

## TABLE OF AUTHORITIES
<u>(continued)</u>

2

3

**Page(s)**

4    *Unicom Sys., Inc. v. Farmers Grp., Inc.*,
5        2009 WL 10670614 (C.D. Cal. June 29, 2009).................................13

*Vargas v. Howell*,
6        949 F.3d 1188 (9th Cir. 2020) ..............................................................20

7    *Washington v. ViacomCBS, Inc.*,
8        2021 WL 6134375 (C.D. Cal. Dec. 9, 2021)........................................21

9    *WB Music Corp. v. Royce Int'l Broad. Corp.*,
10        2018 WL 6177237 (C.D. Cal. July 9, 2018) ........................................21

11    *YS Built, LLC v. Huang*,
12        2017 WL 1093207 (W.D. Wash. Mar. 23, 2017)................................14

13    *Zobmondo Entm't LLC v. Falls Media LLC*,
        2009 WL 202034 (C.D. Cal. Jan. 23, 2009)........................................19

14

15    ### STATUTES

16    Section 505 of the Copyright Act........................................9, 12, 21, 22, 23

17    ### OTHER AUTHORITIES

18    Federal Rule of Civil Procedure 12(b)(6)................................................10

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP
28

8

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On November 14, 2024, the Court dismissed the First Amended Complaint ("FAC") because Plaintiff William Collier ("Plaintiff") failed to allege substantial similarity between the two works at issue.  Plaintiff alleged that his self-published novel, *Stanley's Comet*, infringed Defendants' blockbuster film *Don't Look Up*— apparently because both works involved a comet headed toward Earth.  However, as the Court recognized, "[i]mportantly, … the comet in *Don't Look Up* actually hits the Earth, causing an apparently extinction-level event, while the titular comet in *Stanley's Comet* 'skipped off' the Earth's atmosphere, and all survive (except the President, who was already dead). W.H. Collier, *In Extremis: Two Novels*, 109 (2012)."  Dkt. 39 at 12.  As the Court correctly reasoned, "Plaintiff has merely identified *scenes a faire* that flow from the concept of an impending comet strike on the Earth.  The discovery of the comet and reactions from the public and various government actors, including impulsive behavior, apathy, and fear, are all 'situations and incidents which flow naturally' from the basic premise of each work." *Id.*, quoting *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985).  The Court dismissed Plaintiff's copyright infringement claim, and ruled in Defendants' favor on every prong of the substantial similarity analysis.

This result entitles Defendants Netflix, Inc. ("Netflix"), Adam McKay ("McKay"), David Sirota ("Sirota"), and Hyperobject Productions (collectively, "Defendants") to an award of attorney's fees for prevailing on Plaintiff's First Cause of Action for Copyright Infringement pursuant to Section 505 of the Copyright Act.  For the reasons discussed below, Defendants should be awarded their reasonable attorney's fees of $99,483.50.

## II.    <u>RELEVANT FACTS AND PROCEDURAL HISTORY</u>

The salient background facts are set forth in this Court's Order dismissing the action pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 39.  To summarize, in 2012, Plaintiff self-published *In Extremis: Two Novels by W.H. Collier*, which consists of, *inter alia*, the novel *Stanley's Comet* (the "Novel").  Dkt. 26, ¶ 19.  McKay wrote the film *Don't Look Up* (the "Film").  *Id.*, ¶ 22.  McKay and Sirota received "story by" credits.  *Id.*, ¶ 23.  Hyperobject, McKay's production company, produced the Film.  *Id.*, ¶ 25.  On December 24, 2021, the Film began streaming on Netflix.  *Id.*, ¶ 20.

On December 6, 2023, Plaintiff filed his original Complaint.  *See* Dkt. 2.  On April 8, 2024, Plaintiff filed his FAC, asserting claims for (1) copyright infringement and (2) state-law breach of an implied-in-fact agreement in connection with the Film.  *See* Dkt. 26.  On May 13, 2024, Defendants filed a Motion to Dismiss the FAC under Rule 12(b)(6) on the grounds that (1) the works differ in plot, theme, characters, setting, sequence of events, mood, and pace, and thus lack "substantial similarity" in protectable expression; (2) because the works differ in plot, sequence of events, characters, setting, dramatic gimmicks, and themes, Plaintiff could not establish that Defendants used his idea; and (3) Plaintiff filed this action outside the applicable statute of limitations.  Dkt. 31.

On November 14, 2024, this Court granted Defendants' Motion to Dismiss on the grounds that Plaintiff had failed to establish substantial similarity between the Novel and the Film.  Dkt. 39 ("Order").  The Court ruled in Defendants' favor on every parameter:

- **Mood and Tone:** "A comedic, farcical, ironic, or satirical mood is far too general to merit copyright protection."  Order at 9.

- **Themes:** "The Court agrees with Defendants that the generic, high-level themes identified in the FAC are 'among the very staples of

DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505

Mitchell
Silberberg &
Knupp LLP

modern American literature and film' and cannot serve as the basis for copyright protection."  Order at 9, quoting *Berkic*, 761 F.2d at 1294.

- **Pace:** "pacing alone is highly unlikely to serve as the basis for a copyright claim and … here, the FAC fails to allege any infringement of specific, *original* elements of *Stanley's Comet*'s pacing—many works 'slowly build to a climax' and use 'narrative suspense' as storytelling devices."  Order at 10.

- **Characters:** "Plaintiff's claim that Dr. Stanley and Dr. Mindy have 'the same personality' is contradicted by the works themselves." Order at 10.  "Although both the book and the film have a President, the Court observes many dissimilarities between them."  Order at 11.

- **Plot, and Sequence of Events:** "Plaintiff has merely identified *scenes a faire* that flow from the concept of an impending comet strike on the Earth. The discovery of the comet and reactions from the public and various government actors, including impulsive behavior, apathy, and fear, are all 'situations and incidents which flow naturally' from the basic premise of each work."  Order at 12, quoting *Berkic*, 761 F.2d at 1293.

- **Settings:** "The setting of 'Earth generally' certainly cannot serve as a basis for copyright protection.  The Court concludes that the 'identical settings' identified by Plaintiff—the Oval Office, NASA Headquarters, and locations in New York City—lack any special originality and serve as the backdrop for many, many works."  Order at 13.

- **Dialogue:** "Here, not only does the dialogue lack extended similarity—an issue Plaintiff does not dispute—but the specific phrases identified by Plaintiff 'are commonly-used expressions' not

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

Mitchell Silberberg & Knupp LLP

entitled to copyright protection." Order at 13, quoting *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989).

- **Selection and Arrangement of Elements:** "although the works share some common elements, … Plaintiff has not met his burden to allege that the selection and arrangement of those elements are substantially similar.… A 'compilation of random similarities scattered throughout the works' does not suffice." Order at 14-15, quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994).

In the Order, the Court held that Plaintiff's failure to file an amended complaint within 21 calendar days would result in the action being dismissed without prejudice. Order at 18-19. On December 5, 2024, the day any amended complaint was due to be filed, Plaintiff instead filed a Notice of Intent Not to File a Second Amended Complaint. Dkt. 40. On December 13, 2024, the Court issued an Order of Dismissal, dismissing this action in its entirety with prejudice, which was entered on December 16, 2024. Dkt. 41. On December 19, 2024, the Court granted the parties' stipulated briefing schedule for Defendants' motion for attorney's fees. Dkt. 43, 44.

## III.   ARGUMENT

### A.    *Defendants Are Entitled to an Award of Fees Under Section 505 for Successfully Defending Against Plaintiff's Copyright Claim.*

The Copyright Act grants courts the authority to "award a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. Here, the Court granted Defendants' Motion to Dismiss and dismissed the action with prejudice. *See* Dkt. 39, 41. Defendants are therefore the prevailing parties on Plaintiff's First Cause of Action for Copyright Infringement.[1]

---

[1] As discussed further in Section III.B, *infra*, Defendants do **not** seek attorney's fees for prevailing on Plaintiff's Second Cause of Action for Breach of Implied-In-Fact Agreement, and have reduced their attorney's fees sought accordingly.

Mitchell Silberberg & Knupp LLP

While "[t]here is no precise rule or formula" for determining whether a court should, in its discretion, award attorney's fees to a prevailing party, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994), a court must give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 205 (2016); *see Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018). A court should also consider other factors, including the degree of success obtained, frivolousness, motivation, and the need in particular circumstances to advance considerations of compensation and deterrence. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883 (9th Cir. 2005), *abrogated on other grounds by Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334 (2019). "[E]xceptional circumstances are not a prerequisite to an award of attorneys fees; district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996) (citations and quotations omitted).[2]

An award of attorney's fees is warranted here. Not only did Plaintiff's copyright claim fail in its entirety, but it was also objectively unreasonable to the point of frivolousness, was improperly motivated, and is exactly the type of baseless claim that a fee award is designed to deter.

---

[2] While "a district court may not 'award[] attorney's fees as a matter of course'" and "must make a more particularized, case-by-case assessment," *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 533), several Circuits have held that, in accord with *Fogerty*, awards of fees are "the rule rather than the exception . . . ." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (citations omitted); *see also Thoroughbred Software Int'l, Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007); *Unicom Sys., Inc. v. Farmers Grp., Inc.*, 2009 WL 10670614, at *1 (C.D. Cal. June 29, 2009).

Mitchell Silberberg & Knupp LLP

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

### 1.    Defendants Obtained Complete Success.

Defendants obtained complete success on the merits when they prevailed on their Motion to Dismiss Plaintiff's copyright infringement claim.  This factor weighs heavily in favor of awarding fees.  *See Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042-43 (9th Cir. 2014) (affirming fee award; district court properly relied on, *inter alia*, defendants' "'total success on the merits' and the need for deterrence of 'similarly frivolous claims against innocent Defendants'"); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996) (fee award proper where defendant, for which summary judgment was granted, "obtained total success in defending against [plaintiff's] copyright claims"); *Shame on You Prods. v. Banks*, 2016 WL 5929245, at *5-6 (C.D. Cal. Aug. 15, 2016) (finding "total" success for defendants where copyright claims were dismissed for lack of substantial similarity), *aff'd*, 893 F.3d 661 (9th Cir. 2018).

### 2.    Plaintiff's Claims Were Objectively Unreasonable and Frivolous.

This important factor weighs substantially in favor of an award of fees.  *See Kirtsaeng*, 579 U.S. at 210.  A claim may be unreasonable with respect to its legal basis or with respect to the underlying facts.  *See Forgerty*, 510 U.S. at 534 n.19. Unreasonableness is an objective standard, and thus a plaintiff's subjective ignorance of the law or the facts does not negate a finding of unreasonableness. *See Maljack Prods.*, 81 F.3d at 889.  Even if a claim "is not objectively unreasonable at the outset," it "can become so if the litigant continues to pursue it when the litigant knew or should have known that the chance of success was slim to none."  *Erickson Prods. Inc. v. Kast*, 2016 WL 3951659, at *2 (N.D. Cal. July 22, 2016).  A claim is considered frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (civil rights); *see YS Built, LLC v. Huang*, 2017 WL 1093207, at *2 (W.D. Wash. Mar. 23, 2017) (claim

Mitchell
Silberberg &
Knupp LLP

14

1  is frivolous if it is "'so meritless that there is little chance of success'" (citing

2  cases)).[3]

3      Here, Plaintiff's claims were objectively unreasonable and lacked any

4  arguable basis in law and in fact.  Plaintiff asserted that Defendants infringed the

5  Novel on the basis of generic, unprotectable ideas that flow from the premise of a

6  comet approaching Earth and a handful of random, scattered purported similarities.

7  Plaintiff filed two complaints, and yet still failed to allege sufficient facts to

8  plausibly plead substantial similarity.  *See* Order at 8-15.  As set forth in Section II,

9  *supra*, the Court ruled in Defendants' favor on every parameter of the substantial

10  similarity analysis.

11      Cases awarding fees for baseless copyright infringement claims are legion.

12  *See, e.g.*, *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018)

13  (affirming fee award where district court held, *inter alia*, that "the purpose of

14  general deterrence would be served by awarding fees against a party who had

15  litigated an objectively unreasonable claim, or who had brought a claim in bad

16  faith"); *Gable v. Nat'l Broad. Co., Inc.*, 438 F. App'x. 587, 589 (9th Cir. 2011)

17  (affirming fee award where claim was "meritless"); *Diamond Star Bldg. Corp. v.*

18  *Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (where "a party has pursued a patently

19  frivolous position, the failure of a district court to award attorney's fees and costs

20  to the prevailing party will, except under the most unusual circumstances,

21  constitute an abuse of discretion"); *Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016

22  WL 193586, at *6, 16 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir.

23  2016) (awarding over $900,000 in fees where plaintiff "brought suit and forced

24

---

25  [3] While Plaintiff's claims were indeed frivolous here, a court need not find that a plaintiff's claims were frivolous in order to award fees to the defendant.  *See*

26  *Forgerty*, 510 U.S. at 527, 532 n.18 (rejecting arguments that attorneys' fees award to a defendant "represents a penalty imposed upon the plaintiff for institution of a

27  baseless, frivolous, or unreasonable suit, or one instituted in bad faith"); *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 21 (1st Cir. 2005) (fee award

28  appropriate without express finding of frivolity).

Mitchell Silberberg & Knupp LLP

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

Defendants to defend against claims, or at least parts of claims, on which it had no chance of prevailing" and the "suit seems to have been objectively unreasonable" because plaintiff's state claim was preempted and plaintiff could not otherwise show one of the claims' elements); *Bernal v. Paradigm Talent & Literary Agency*, 2010 WL 6397561, at *2, 8 (C.D. Cal. June 1, 2010) (awarding over $200,000 in fees where claims were "objectively unreasonable" and "based on an assumption that had no factual support in the record"); *Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *2 (S.D.N.Y. Jan. 18, 2000) ("Here, plaintiff's case never had any chance of success because she never presented any basis for concluding either that her work had been available to defendants, or that her work had been unlawfully copied within the meaning of jurisprudence under the Copyright Act. Her action, insofar as it was objectively unreasonable – *i.e.*, lacking in basis – was frivolous.").

### 3.    Plaintiff's Motivation in Pursuing This Action Was Improper.

"[T]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party."  *Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017). Here, Plaintiff's decision to file this action and continue to prosecute it in the face of dispositive legal authority establishing lack of substantial similarity reveals Plaintiff's improper motivation and bad faith, which further supports an award of fees to Defendants.[4]  Netflix and Defendants' counsel repeatedly informed Plaintiff's counsel why Plaintiff's claims were meritless, both before Plaintiff filed

---

[4] Even assuming *arguendo* that Plaintiff was merely unrealistically sanguine, such putative "good faith" would not preclude an award of attorneys' fees here.  *See MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999) (plaintiff's "good faith in bringing its suit was not determinative of the issue of attorney's fees"); *Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013) ("At one point, a copyright defendant had to show that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to fees; but no longer."); *Actuate Corp. v. Aon Corp.*, 2012 WL 3627595, at *2 (N.D. Cal. Aug. 21, 2012) ("blameworthiness is not a prerequisite to awarding fees to a prevailing defendant" (citation omitted)).

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

the Complaint and before Defendants filed their Motion to Dismiss.  *See* Declaration of Emily F. Evitt ("Evitt Decl."), ¶¶ 3-4.  Even if Plaintiff did not initially appreciate that his claim lacked legal and factual merit, Netflix's March 11, 2022 letter and defense counsel's January 9, 2023 letter clearly explained why his copyright claim failed under Ninth Circuit law.  *Id.*, ¶¶ 3-4, Exs. 3-4.  Yet, Plaintiff filed his lawsuit anyway, almost one year later.  *Id.*, ¶ 5.  *See Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) (awarding attorney's fees where the plaintiff failed to withdraw her claims "even after Defendants notified Plaintiff, in a nine page letter, that she did not have sufficient evidentiary basis to maintain her claims and that they would fail under the applicable legal standard"); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings LLC*, 2019 WL 450882, at *4-5 (D. Ariz. Feb. 5, 2019) (finding motivation factor favored an award of attorney's fees based on, *inter alia*, "[plaintiff's] decision to ignore the authority [defendant's] attorneys provided in its attempts to dissuade [plaintiff] from pursuing meritless litigation").

### 4.    An Award of Fees Will Advance Considerations of Compensation and Deterrence and Further the Purposes of the Copyright Act.

"Attorneys' fees are proper when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act."  *Duckhole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *1 (C.D. Cal. Oct. 25, 2013) (citing *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996)).  Here, an award of fees will further the interests of the Copyright Act, which the Ninth Circuit has held is "the pivotal criterion."  *See Bernal*, 2010 WL 6397561, at *2 (quoting *Fantasy*, 94 F.3d at 558).

First, "the awarding of fees in this case would serve goals of deterrence and compensation.  Deterring non-meritorious lawsuits against defendants seen as having 'deep pockets' and compensating parties that must defend themselves

against meritless claims are both laudible ends." *Scott*, 2010 WL 2569286, at *3; *see AF Holdings LLC v. Navasca*, 2013 WL 3815677, at *3 (N.D. Cal. July 22, 2013) ("[T]here is a strong argument in favor of awarding fees as a deterrent, both with respect to [plaintiff] and other persons or entities that might contemplate a similar business model that is not intended to protect copyrighted work but instead designed to generate revenues through suits and coerced settlements."). Plaintiff decided to pursue this lawsuit even after both Netflix and Defendants' counsel informed Plaintiff's counsel that Plaintiff's claims were meritless. *See* Evitt Decl., ¶¶ 3-4, Exs. 3-4. Absent an award of attorney's fees, Plaintiff will suffer no consequences—and Defendants will have been penalized—as a result of Plaintiff's decision to file and pursue his unreasonable lawsuit. Such a result is inequitable and encourages frivolous litigation. *See Gallagher v. Lions Gate Entm't Inc.*, 2015 WL 6478210, at *3-4 (C.D. Cal. Oct. 27, 2015) (awarding fees; "Even after Defendants provided Plaintiff with a detailed, eleven-page letter outlining Ninth Circuit copyright law and the failings of Plaintiff's arguments, Plaintiff still doggedly pursued his claims. . . . [T]he Court finds such manifest intent to continue a claim in the face of overwhelming conflicting case law objectively unreasonable."); *Marcus*, 2017 WL 5592470, at *5 (fee award warranted on deterrence factor, "especially after 'Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which [his] lawsuit suffered'"); *Scott*, 2010 WL 2569286, at *3 (same); *cf. Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("although the plaintiff in this case did not engage in a 'campaign of vexatious litigation,' … the need for deterrence against objectively unreasonable copyright claims is significant").[5]

---

[5] *See also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006) (attorney's fees should be awarded to deter plaintiffs "from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if

Mitchell
Silberberg &
Knupp LLP

Defendants' decision to defend against Plaintiff's baseless claim also furthered the Copyright Act's "primary objective" of "encourag[ing] the production of original literary, artistic, and musical expression for the good of the public," and ensured that the Film remains available to the public. *See Forgerty*, 510 U.S. at 524; *Scott*, 2010 WL 2569286, at *4 ("The successful defense against Plaintiff's copyright infringement claims will assure that [defendant's] literary work remains available to the public, thus furthering the goal of 'stimulat[ing] artistic creativity for the general public good' and perhaps 'lead to further creative pieces.'"); *Zobmondo Entm't LLC v. Falls Media LLC*, 2009 WL 202034, at *3 (C.D. Cal. Jan. 23, 2009) ("[B]aseless claims . . . are inimical to the purposes of the Copyright Act. These types of claims, and fear of specious lawsuits, can chill creative expression resulting in the diminution of creative works. An award of attorney's fees would serve as a deterrent for such claims."); *Amadasun*, 359 F. Supp. 2d at 1376 ("a prevailing defendant's successful defense against a copyright claim aids in establishing the boundaries of infringement and furthers the purpose of 'enriching the general public through access to creative works'").

In sum, Defendants should be awarded attorney's fees to compensate for their defense against this frivolous, improperly motivated lawsuit, to deter such conduct by future litigants, and to advance the purposes of the Copyright Act.

## B.    *Defendants' Requested Fees Are Reasonable.*

A "reasonable attorney's fee" is generally determined based on the "lodestar" calculation of "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433

---

they lose"); *Amadasun v. Dreamworks, LLC*, 359 F. Supp. 2d 1367, 1376 (N.D. Ga. 2005) ("potential plaintiffs must be deterred from bringing frivolous and baseless suits"); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001) ("This case presented a straightforward copyright infringement claim that was objectively unreasonable. . . . Failing to award attorneys' fees to defendants in such situations would invite others to bring similarly unreasonable actions without fear of any consequences.").

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

Mitchell Silberberg & Knupp LLP

1   (1983) (civil rights action); *see also Vargas v. Howell*, 949 F.3d 1188, 1194 (9th

2   Cir. 2020).  The lodestar figure is presumptively reasonable, but may be adjusted

3   based on the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70

4   (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505

5   U.S. 557 (1992),[6] to the extent these factors are not already subsumed by the

6   lodestar calculation.[7]  *Morales*, 96 F.3d at 363-64.  Here, Defendants seek the

7   recovery of $99,483.50 in attorney's fees, which is reasonable given the

8   proceedings in this case.

9                     **1.    Defendants' Counsel Hourly Rates Are Reasonable.**

10          Courts determine the reasonableness of the rates for attorney's fees awards

11   based on the rates for similar services by attorneys of similar experience in the

12   relevant community.  *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984).  "The

13   relevant community includes 'attorneys practicing in the forum district'—that is,

14   the district in which the court sits."  *Bernal*, 2010 WL 6397561, at *6 (quoting

15   *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).  Under this standard,

16   the hourly rates of Defendants' counsel are manifestly reasonable.

17          Defendants seek only the attorney's fees incurred by their three principal

18   attorneys.  As detailed in the accompanying Declaration of Emily F. Evitt,

19   Defendants' counsel have considerable experience litigating copyright cases,

20

21   ---

   [6] The twelve *Kerr* factors are: "(1) the time and labor required, (2) the novelty and
22   difficulty of the questions involved, (3) the skill requisite to perform the legal
   service properly, (4) the preclusion of other employment by the attorney due to
23   acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or
   contingent, (7) time limitations imposed by the client or the circumstances, (8) the
24   amount involved and the results obtained, (9) the experience, reputation, and
   ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and
   length of the professional relationship with the client, and (12) awards in similar
25   cases."  *Kerr*, 526 F.2d at 70.

26   [7] The *Kerr* factors subsumed by the lodestar include: "(1) the novelty and
   complexity of the issues, (2) the special skill and experience of counsel, (3) the
27   quality of representation, . . . , (4) the results obtained, . . . and (5) the contingent
   nature of the fee agreement."  *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9
28   (9th Cir. 1996), *amended on other grounds*, 108 F.3d 981 (9th Cir. 1997) (civil
   rights case) (internal citations and quotation marks omitted).

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**

Mitchell
Silberberg &
Knupp LLP

including on behalf of Netflix.  *See* Evitt Decl., ¶¶ 15-16.  The standard hourly rates of the principal attorneys ranged from $685 to $1,050 over the relevant time period.  *Id.*, ¶ 17.  Moreover, for this matter, the principal attorneys billed their time at discounted rates ranging from $582.25 to $895.00.  *See id.*

The rates on which Defendants' requested fees are based are competitive with (if not lower than) the prevailing market rates in Los Angeles for attorneys practicing intellectual property litigation of similar experience, skill, and reputation.  *See id.*, ¶ 18; *see, e.g.*, *Washington v. ViacomCBS, Inc.*, 2021 WL 6134375, at *4 (C.D. Cal. Dec. 9, 2021) (in copyright action, senior associate rate of $745 and junior associate rate of $490 held reasonable); *WB Music Corp. v. Royce Int'l Broad. Corp.*, 2018 WL 6177237, at *5 (C.D. Cal. July 9, 2018) (approving senior counsel rate of $742.50 to $778.50); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *15-16 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (approving partner rates of $930, associate rates of $350 to $690, and paralegal/support staff rates of $240 to $345).

### 2.    The Number of Hours Expended Is Reasonable.

An "award of fees should cover 'every item of service which, at the time rendered, would have been undertaken by a reasonably prudent lawyer to advance or protect his client's interest' in the case at bar."  *Armstrong v. David*, 318 F.3d 965, 971 (9th Cir. 2003).  Defendants have submitted a summary of their counsel's billing records for the attorney's fees sought to be recovered via this Motion, including of a summary of the time spent by each attorney and the specific tasks that they were required to undertake to defend this action.  Evitt Decl., ¶¶ 10-12, Exs. 5-6.  As a threshold matter, Defendants are only seeking fees for successfully defending against Plaintiff's first cause of action for copyright infringement, as authorized by 17 U.S.C. § 505.  Defendants are ***not*** seeking fees for defending against Plaintiff's second cause of action for breach of implied-in-fact agreement.

From November 29, 2022, when Defendants' counsel began work on this matter, through November 14, 2024, when the Court issued the Order granting Defendants' Motion to Dismiss, Defendants incurred over $240,500 in fees. *Id.*, ¶ 8. Notably, Defendants initially drafted their Motion to Dismiss in response to Plaintiff's original complaint. Evitt Decl., ¶ 6. Then, after the L.R. 7-3 conference on Defendants' anticipated motion, the parties stipulated to Plaintiff filing an amended complaint. Dkt. 23, 25. On April 8, 2024, Plaintiff filed his FAC, which added additional allegations of similarity and attached two expert reports from Professor David Román. Dkt. 26. Thereafter, Defendants' counsel spent substantial additional time analyzing the new allegations and revising their Motion to Dismiss to be responsive to the FAC. Evitt Decl., ¶ 7.

After removing those fees incurred before Plaintiff filed his original complaint, and those fees solely related to Plaintiff's claim for breach of implied-fact-agreement—including the fees exclusively incurred opposing Plaintiff's motion to deem the complaint filed December 5, 2023—the total fees incurred drops to approximately $143,500. *Id.*, ¶ 9. However, in recognition that some of the work spent on the Motion to Dismiss pertained to both the copyright claim and the breach of implied-in-fact agreement claim, Defendants are only seeking 2/3 of their attorneys' fees for the Motion to Dismiss. *Id.* This brings the total fees sought to $99,483.50. The breakdown is as follows:

| | |
|---|---|
| **$240,566.58** | **Total fees incurred on both claims from 11/29/22 – 11/14/24** |
| $143,504.73 | Total fees after complaint was filed on 12/6/23, removing fees for breach of implied-in-fact agreement claim |
| $132,063.69 | Total fees on motion to dismiss |
| 2/3 | Multiplier in recognition that motion to dismiss re both claims |
| **$88,042.46** | **New motion to dismiss total** |
| $11,441.04 | Total fees for remaining tasks |
| **$99,483.50** | **Fees sought** |

Accordingly, the fees requested, which represent only a portion of the fees actually incurred by Defendants, are reasonable. *See, e.g.*, *Gable v. Nat'l Broad.*

22

Mitchell Silberberg & Knupp LLP

*Co.*, 2010 WL 11506430, at *7 (C.D. Cal. Aug. 6, 2010) (citing with approval the fact that defendants sought only a portion of the fees incurred).

Reasonable expenses are those that "would normally be charged to a fee paying client." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) (ERISA case). Consistently, under Section 505, the billing rate actually charged to the client, though relevant, does not place "a ceiling on the amount the prevailing party can recover through a fee award under section 505, especially in light of the district courts' broad discretion in awarding fees." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 149, 151 (2d Cir. 2001). Nevertheless, here, Defendants seek recovery of fees based on rates that are approximately 15% percent lower than the regular hourly rates of their counsel, which makes the requested amount even more reasonable. *See* Evitt Decl., ¶¶ 17-18. Defendants should be awarded this reasonable amount of fees, which is appropriate to deter future frivolous copyright lawsuits.

## IV.   **CONCLUSION**

Plaintiff's claims in this case were manifestly unreasonable and frivolous. Plaintiff nevertheless persisted in asserting these baseless claims, requiring Defendants to incur substantial attorney's fees. For the reasons discussed above, Defendants respectfully request that the Court grant their Motion and award them $99,483.50 in attorney's fees.

DATED: January 22, 2025

ROBERT H. ROTSTEIN
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP


By:      /s/Emily F. Evitt
_____
Emily F. Evitt
*Attorneys for Defendants Adam McKay, Netflix, Inc., David Sirota, and Hyperobject Productions*

Mitchell
Silberberg &
Knupp LLP

23

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2

3       The undersigned, counsel of record for Defendants Adam McKay, Netflix,

4   Inc., David Sirota, and Hyperobject Productions, certifies that this brief contains

5   **4,902** words, which:

6       ☑ complies with the word limit of L.R. 11-6.1. and

7       ☑ complies with the page limit set in the Standing Order entered

8           December 7, 2023 by Hon. Sherilyn Peace Garnett.

9   Dated: January 22, 2025          /s/Emily F. Evitt
                                         Emily F. Evitt
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  20438473

28

**DEFENDANTS' MOTION FOR ATTORNEY'S FEES PURSUANT TO 17 U.S.C. § 505**